IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHAWN HAWES | § | |
| VS. | § | CIVIL ACTION NO.  1:23-CV-52 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Shawn Hawes, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent filed a motion to dismiss, or in the alternative, for summary judgment. Petitioner filed a response. This Report and Recommendation considers the merits of Respondent's motion and Petitioner's response.

Factual Background

On March 4, 2022, Petitioner was charged with disruptive conduct (199 violation) most like possessing a hazardous tool (108 violation). (ECF No. 6-1 at 11.) The charging officer described the incident as follows:

On March 3, 2022, at approximately 3:15 pm, COL SIS was conducting random searches in F-4 Housing Unit. Upon entering cube 428, searching under the lower bunk (428L) of [Petitioner], five (5) cans of Mountain Dew altered to contain hidden compartments were found. Upon opening the compartments, three (3) USB phone chargers, three (3) AT&T SIM cards, and three (3) sets of headphones containing microphone speaking devices were discovered. The compartments are made from

emptied cans of Mountain Dew and filled with a plaster-like substance to mold the inside of the cans, with a plastic pill bottle inserted. The screw-on cap to the pill bottle is fixed to the unopened top of the can, which was removed with a razor blade. This construction adds weight and hardens the can and allows the can to look and feel like a [sic] unopened can of Mountain Dew. Inmate Hawes is the only inmate assigned to cube 428 in F-4 Housing Unit.

(ECF No. 6-1 at 11.) Petitioner received a copy of the incident report on March 4, 2022. Petitioner was advised of his rights, including his right to remain silent. (ECF No. 6-1 at 13.) Nevertheless, Petitioner gave a statement, telling the investigator, "I don't even drink soda, I don't know how those got under my bunk." (ECF No. 6-1 at 13.) Petitioner's commissary receipts showed that he had purchased soda from the commissary on five occasions, including two purchases of Mountain Dew twelve packs. (ECF No. 6-1 at 13, 20-24.) The Unit Disciplinary Committee (UDC) conducted a hearing on March 7, 2022. (ECF No. 6-1 at 12.) Petitioner told the UDC that the Mountain Dew did not belong to him. The UDC referred the incident report to the Disciplinary Hearing Officer (DHO) for further proceedings due to the seriousness of the offense. At that time, Petitioner requested a staff representative to assist him at the DHO hearing, and he requested that Justin Haynes and Correctional Officer McCorkel testify at the hearing. (ECF No. 1 at 15.)

The DHO hearing was conducted on March 10, 2022. (Doc. #6-1 at 6-9.) The DHO report reflects that Petitioner waived the rights to a staff representative and to call witnesses, but Petitioner states that he did not waive those rights. After considering the charging officer's report, the photographs of the Mountain Dew cans and their contents, and Petitioner's statement at the hearing that the contraband did not belong to him and he was at work when the items were found, the DHO found Petitioner guilty of the 199 violation of disruptive conduct. As punishment, Petitioner lost commissary privileges for 180 days, he was placed in disciplinary segregation for 30 days, and he

forfeited 41 days of good conduct time.  Petitioner was provided a copy of the DHO's written findings and was advised of his right to appeal the finding through the administrative remedy process.

### The Petition

Petitioner claims he was denied due process at the DHO hearing because he was denied a staff representative and two witnesses.  Petitioner claims the electronic, unsigned DHO report inaccurately reflects that Petitioner waived his rights to a staff representative and witnesses.  Finally, Petitioner claims he did not have notice that he was charged with a violation of 199 because his UDC hearing was for a violation of 108.

### Standard of Review

*Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted.  A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face.  *Id*. at 570.  Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim.  *Id*. at 555.  The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3

*Motion for Summary Judgment*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest.  The inmate is entitled to the following:  1) notice of the charges;  2) the right to be present at the hearing;  3) the right to present witnesses and evidence; and  4) the right to receive a written copy of the hearing record.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981).

*Denial of Witnesses*

Petitioner contends that he was denied due process because he was not permitted to call two witnesses to testify at the DHO hearing.  Inmates do not have an unrestricted right to call witnesses at disciplinary hearings.  *Wolff*, 418 U.S. at 566.  Prison officials have discretion to refuse to call witnesses, particularly where the testimony would be irrelevant or unnecessary.  *Id.*  Further, confrontation and cross-examination of witnesses are not required in prison disciplinary hearings. *Id.* at 567-68; *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Petitioner states that he wanted to call inmate Justin Haynes and Correctional Officer McCorkel to testify, and that the DHO report erroneously stated that he waived that right at the DHO hearing.  Federal habeas relief is not available unless the petitioner was prejudiced as a result of the alleged constitutional violation.  *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993).  Accepting as true Petitioner's assertion that he was denied witnesses at the DHO hearing, he has not demonstrated that the denial of those witnesses affected the outcome of the proceeding. There is no indication in the record that those potential witnesses could offer exculpatory testimony that would have changed

the outcome of the proceeding.  Because Petitioner has not demonstrated that he was prejudiced by the denial of witnesses, he is not entitled to relief on this ground.

*Denial of Staff Representative*

Petitioner also contends that he was denied the assistance of a staff representative to assist him at the DHO hearing and that the DHO report erroneously stated that he waived his right to a staff representative at the DHO hearing.  Inmates do not have a right to counsel at disciplinary hearings. *Wolff*, 418 U.S. at 570.  If there are complex issues involved, or the inmate is illiterate, he should be allowed to seek assistance from another inmate or a staff member.  *Id*.  In this case, Petitioner did not meet the criteria for assistance.  The issues were not complex, and there is nothing in the record indicating that Petitioner is illiterate.  Therefore, the lack of a staff representative did not deny Petitioner due process.

*Inadequate Notice*

Petitioner contends that he did not receive sufficient notice of the disciplinary charge because he was found guilty of disruptive conduct (199 violation), but he was charged with possessing a hazardous tool  (108 violation).  This claim lacks merit because the incident report reflects that Petitioner was notified of potential violations of both offenses.  (ECF No. 6-1 at 11.)

<u>Recommendation</u>

Respondent's motion to dismiss or for summary judgment should be granted, and the petition for writ of habeas corpus should be denied.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 4th day of March, 2024.

Zack Hawthorn
United States Magistrate Judge